UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:12-CR-0058-LRH-WGC |
| v. | ORDER |
| F. HARVEY WHITTEMORE | |
| Defendant. | |

Before the court are defendant F. Harvey Whittemore's ("Whittemore") various pretrial motions including: (1) motion to dismiss Count 3 of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) (Doc. #28[1]); (2) motion to dismiss Count 3 of the indictment for lack of venue (Doc. #29); (3) motion to dismiss Count 1 and Count 2 of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) (Doc. #30); motion to dismiss Counts 1 through 3 of the indictment for insufficiency of the evidence before the Grand Jury (Doc. #32); motion to dismiss Count 2 of the indictment as duplicitous (Doc. #34); and motion to strike surplusage from the indictment (Doc. #35). The United States filed oppositions to each motion to which Whittemore replied.

///

---

[1] Refers to the court's docket number.

## I. Facts and Background

In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for a candidate's re-election campaign for the United States Senate. To make good on his promise, Whittemore allegedly used employees of his real estate development company, various family members, and their spouses as conduit donors to the candidate's campaign in order to bypass the individual campaign contribution limits under federal law. Whittemore then allegedly transferred the combined contributions to the candidate's campaign committee.

In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained false information identifying Whittemore's employees and family members, rather than Whittemore himself, as the source of the campaign funds.

On June 6, 2012, the Grand Jury returned a four (4) count indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1. Following his indictment, Whittemore filed the various pretrial motions identified above.

## II. Motions to Dismiss Indictment Pursuant to Rule 12(b)(3)(B) (Doc. ##28, 30)

### A. Legal Standard

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may bring a motion challenging the sufficiency of the indictment. FED. R. CRIM. P. 12(b)(3)(B).

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). An indictment is sufficiently pled if it "contains the elements of the offense charged and fairly informs a defendant of the charge against

which he must defend . . . ." *United States v. Lazarenko*, 546 F.3d 593, 599 (9th Cir. 2008). The failure of an indictment to recite an essential element of a charged offense is a "fatal flaw requiring dismissal of the indictment." *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999).

In reviewing a motion to dismiss an indictment under Rule 12(b)(3)(B), the court must accept the facts alleged in the indictment as true. *Winslow v. United States*, 216 F.2d 912, 913 (9th Cir. 1954).

**B. Discussion**

In his motions to dismiss, Whittemore contends that the indictment is not sufficiently pled because it fails to contain allegations relating to his "willfulness" in carrying out the alleged crimes. *See* Doc. ##28, 30. The court has reviewed the documents and pleadings on file in this matter and finds that the indictment is sufficiently pled because it contains all of the essential elements of the charged offenses.

Initially, the court notes that although styled as challenges to the sufficiency of the indictment, Whittemore's motions instead focus on the appropriate standard of willfulness to be applied at trial. In so far as he argues that the court should apply a higher standard of willfulness in this action, Whittemore's arguments are premature. These arguments are more appropriately addressed when the court considers its instructions to the jury regarding the elements of each offense at the conclusion of trial.

Further, in contrast with Whittemore's contention, there is no legal requirement that in addition to alleging the essential element of intent, an indictment must also contain factual allegations to establish that the defendant's conduct meets a particular definition of that element. Rather, an indictment must simply contain a plain and concise statement identifying the essential facts constituting the offense charged. *See* FED. R. CRIM. P. 7(c)(1). This liberal pleading standard is satisfied where an indictment sets forth the charged offense using the words of the criminal statute itself. *See e.g., United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) ("In cases where

3

the indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense.").

Here, the allegations in the indictment track the statutory language of the alleged crimes, including both the penalty provision and the scienter element of "knowing and willful," state all essential facts related to the charged offenses, and include sufficient factual detail to place Whittemore on notice of the charged offenses. Therefore, the court finds that the indictment is sufficiently pled and shall deny Whittemore's motions accordingly.

**III.     Motion to Dismiss Count 3 for Lack of Venue (Doc. #29)**

**A. Legal Standard**

The Sixth Amendment to the Constitution guarantees criminal defendants the right to be tried in the state and district in which the underlying crime was committed. *See* U.S. CONST. Amend VI; *see also* Fed. R. Crim. P. 18 ("[T]he government must prosecute an offense in a district where the offense was committed.").

A pretrial motion to dismiss for lack of venue must take the indictment's allegations as true. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). The proper venue for a criminal action is determined "from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson*, 328 U.S. 699, 703 (1946).

**B. Discussion**

In Count 3, the indictment charges defendant Whittemore with willfully causing the campaign committee to file a false, fictitious, and/or fraudulent quarterly report with the FEC. *See* Doc. #1. Whittemore contends that the crime of filing a false report in violation of 18 U.S.C. § 1001(a)(2) occurs in the district where the report was filed. *See e.g.*, *Travis v. United States*, 364 U.S. 631, 636-37 (1961) (holding that venue lies in the district "explicitly designated where a paper must be filed"). Here, the report was filed with the FEC in the District of Columbia. Therefore,

Whittemore contends that the District of Nevada is the improper venue for Count 3 and that this count should be dismissed from the indictment.

In opposition, the United States argues that venue is proper in the district where the actions which caused the false report to be created and then submitted is the appropriate district. *See* Doc. #39. The court agrees.

Where, as here, a defendant is charged with causing the filing of a false statement in violation of 18 U.S.C. § 2 and § 1001, venue is proper in the district where any causative act occurred. *See e.g., United States v. Rosen*, 365 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) ("Because [defendant's] alleged conduct in causing the false statements to be made occurred, at least in large part, in Los Angeles, it does not matter that the report was ultimately filed in Washington, D.C. The criminal conduct charged occurred in this District; therefore, venue is appropriate here as a matter of law."). In this action, the indictment alleges that Whittemore engaged in conduct within the District of Nevada which ultimately led to the campaign committee submitting a false report to the FEC. Therefore, the court finds that venue is proper in this district and shall deny Whittemore's motion accordingly.

**IV. Motion to Dismiss for Insufficiency of Evidence before the Grand Jury (Doc. #32)**

In his motion, Whittemore contends that the evidence presented before the Grand Jury was insufficient to establish probable cause for the prosecution of Count 1, Count 2, and Count 3. *See* Doc. #32. Whittemore argues that, based on his review and interpretation of the testimony before the Grand Jury, the evidence was insufficient to establish that he used employees and family members as conduits for his own contributions to the candidate's re-election campaign in excess of the individual contribution limits. The court disagrees.

First, there is no legal basis for Whittemore to challenge the indictment in this manner as to the sufficiency of the evidence before the Grand Jury, and the Grand Jury's ultimate decision in indicting Whittemore for the charged offenses is unreviewable. *See United States v. Calandra*, 414

1 U.S. 338, 345 (1974) ("An indictment valid on its face is not subject to challenge on the ground that the jury acted on the basis of inadequate or incompetent evidence."); *see also, United States v. Navarro-Vargas*, 408 F.3d 1184, 1201 (9th Cir. 2005) ("The grand jury's decision to indict or not is unreviewable in any forum; its decision is final.").

Second, the court's own review of the evidence submitted to the Grand Jury, including a review of Whittemore's summarization, leads the court to conclude that the Grand Jury could have found that probable cause existed to charge Whittemore with the charged offenses. The evidence before the Grand Jury could be interpreted to reasonably infer that the Whittemore's gifts, bonuses, and payments to his family and employees which were provided with recommendations or suggestions of contributions were in fact designed to use these individuals as conduits to bypass the individual contribution limits. Therefore, the court shall deny this motion.

**V.    Motion to Dismiss Count 2 as Duplicitous (Doc. #34)**

In his motion to dismiss Count 2, Whittemore requests the court dismiss Count 2 of the indictment as impermissibly duplicitous. *See* Doc. #34. Specifically, Whittemore contends that Count 2 is made up of thirty distinct violations of making $4,600 contributions in the name of another. Whittemore further argues that as a result of the way the indictment is pled, it may be possible for the jury to convict him of violating the charged offense of making contributions aggregating $25,000 or more without having to unanimously agree on which 6 of the 30 underlying contributions of $4,600 make up the felony offense. The court disagrees.

Initially, the court finds that Whittemore's argument is premature. His argument concerns issues which are more appropriately addressed when the court considers instructions to the jury regarding the elements of each offense at the conclusion of trial.

Second, the court finds that Count 2 is not duplicitous as it alleges only a single violation of 2 U.S.C. § 441f with an aggregating amount of $25,000 or more. Specifically, the indictment charges a single conduit contribution offense, alleging that Whittemore "did knowingly and

6

willfully make, and cause to be made, contributions of money, aggregating $25,000 and more . . . ." Doc. #1, ¶ 26. The court finds that these allegations contain sufficient factual detail of the underlying offense and the various transactions that make up the offense to place Whittemore on proper notice. *See United States v. Lazarenko*, 546 F.3d 593, 599 (9th Cir. 2008) (stating that an indictment is sufficiently pled if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend . . . ."). Therefore, the court finds that Count 2 is sufficiently pled. Accordingly, the court shall deny Whittemore's motion.

## VI. Motion to Strike Surplusage (Doc. #35)

### A. Legal Standard

Rule 7(d) of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." FED. R. CRIM. P. 7(d). "The purpose of a motion to strike under [Rule 7(d)] is to protect a defendant against prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010). However, "a motion to strike surplusage from the indictment should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006).

### B. Discussion

In his motion to strike surplusage, defendant Whittemore seeks to strike paragraphs 1-22, 23, 25, 27, and 29 of the indictment as surplusage. *See* Doc. #35. Whittemore contends that these paragraphs unnecessarily complicate the essential facts of the indictment and unduly prejudice his defense by describing his alleged conduct as a "scheme" without charging him with a conspiracy.

The court has reviewed the documents and pleadings on file in this matter and concludes that Whittemore's motion is without merit. Initially, the court notes that Whittemore's motion fails to identify how any individual statement is improperly inflammatory or carries any potential for prejudice beyond its intrinsically inculpatory nature. Rather, he simply states that these allegations

are not essential to the pleading of the actual charges. The court disagrees and finds that the challenged paragraphs are relevant to the charged conduct. These identified paragraphs provide context and clarity to the indictment as a whole and lay out the factual specifications of Whittemore's alleged conduct. Therefore, the court finds that the allegations in the indictment are not inflammatory or prejudicial and shall deny Whittemore's motion accordingly.

IT IS THEREFORE ORDERED that defendant's motion to dismiss Count 3 of the indictment (Doc. #28); (2) motion to dismiss Count 3 for lack of venue (Doc. #29); (3) motion to dismiss Count 1 and Count 2 of the indictment (Doc. #30); motion to dismiss Counts 1 through 3 of the indictment for insufficiency of the evidence (Doc. #32); motion to dismiss Count 2 of the indictment as duplicitous (Doc. #34); and motion to strike surplusage from the indictment (Doc. #35) are DENIED.

IT IS SO ORDERED.

DATED this 18th day of March, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE