UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:12-CR-0058-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| F. HARVEY WHITTEMORE ) | |
| ) | |
| Defendant. ) | |

Before the court is defendant F. Harvey Whittemore's ("Whittemore") motion to dismiss Counts 1 through 3 of the indictment based on the unconstitutionality of 2 U.S.C. § 441a and 2 U.S.C. § 441f. Doc. #77.[1] The United States has filed an opposition. Doc. #113.

**I.    Facts and Background**

In 2007, defendant Whittemore allegedly promised to raise $150,000 in campaign contributions for a candidate's re-election campaign for the United States Senate. To make good on his promise, Whittemore allegedly used employees of his real estate development company, various family members, and their spouses as conduit donors to the candidate's campaign in order to bypass the individual campaign contribution limits under federal law. Whittemore then allegedly transferred the combined contributions to the candidate's campaign committee.

---

[1] Refers to the court's docket number.

In keeping with federal law, the campaign committee filed a required contribution report with the Federal Election Commission ("FEC") on April 15, 2007. This report allegedly contained false information identifying Whittemore's employees and family members, rather than Whittemore himself, as the source of the campaign funds.

On June 6, 2012, the Grand Jury returned a four (4) count indictment against defendant Whittemore charging him with: (1) making excessive campaign contributions in violation of 2 U.S.C. § 441a(a)(1) ("Count 1"); (2) making contributions in the name of another in violation of 2 U.S.C. § 441f ("Count 2"); (3) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 3"); and (4) false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2) ("Count 4"). Doc. #1. Following his indictment, Whittemore filed the present motion to dismiss Counts 1 through 3 of the indictment. Doc. #77.

**II.    Discussion**

In his motion, Whittemore argues that 2 U.S.C. §§ 441a and 441f are unconstitutional, and therefore, the related charges, Counts 1 through 3, should be dismissed. *See* Doc. #77.

The court has reviewed the documents and pleadings on file in this matter and finds that Whittemore's motion is without merit. First, Whittemore's constitutional challenge of 2 U.S.C. §§ 441a and 441f is foreclosed by the United States Supreme Court's decision in *Buckley v. Valeo*, 424 U.S. 1 (1976), which upheld the constitutionality of these and related campaign finance statutes. Thus, under controlling precedent, the underlying charges in the indictment are constitutional.

Second, Whittemore's motion is based on his speculative opinion that the United States Supreme Court may overhaul its campaign finance jurisprudence sometime in the future because the Supreme Court has decided to review a three-judge memorandum opinion in *McCutcheon v. Federal Election Commission*, 2012 WL 4466482 (D. D.C. 2012), an unrelated action from the District of Columbia. His argument minimizes existing and controlling precedent in favor of prognosticating about the outcome of an undecided Supreme Court case concerning a statutory

provision that is not at issue here and extrapolating that future decision to this action. The court cannot acquiesce to Whittemore's request as it is bound by controlling precedent. Further, the court is acutely cognizant of the perils inherent in hypothesizing about the outcome of undecided cases. Accordingly, the court shall deny Whittemore's motion.

IT IS THEREFORE ORDERED that defendant's motion to dismiss Counts 1 through 3 of the Indictment (Doc. #77) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for leave to file motion to dismiss (Doc. #76) is GRANTED *nunc pro tunc*.

IT IS SO ORDERED.

DATED this 10th day of May, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE